**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR ARTURO JIMENEZ TORRES,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6182-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed "Petitioner's Petition for Writ of Habeas Corpus" ("the Petition") on October 19, 2026. Respondents filed an Answer on October 27, 2026. Petitioner filed a Reply on October 28, 2026.

**BACKGROUND**

Petitioner, a native and citizen of Mexico born in 2000, entered the United States (with his family) when Petitioner was five years old. In 2015, the Government approved Petitioner's first request for deferred action under the Deferred Action for Childhood Arrivals ("DACA")

policy. The Government approved Petitioner's subsequent DACA requests in 2017, 2019, 2022, and 2024.

Meanwhile, Petitioner grew up, graduated from Carson High School, worked and paid taxes. Petitioner lived in Carson, California, with his mother and three younger siblings who are United States citizens.

On July 2, 2026, while Petitioner's 2025 DACA request was still pending, agents of ICE arrested and detained Petitioner as Petitioner was released from county jail in connection with a misdemeanor DUI charge. Petitioner has no criminal convictions. Removal proceedings are now pending, but there is no order for removal.

Months after Petitioner's detention by ICE, on October 5, 2026, an immigration judge denied bond. In a cryptic and conclusory written order, the immigration judge deemed Petitioner a danger and risk of flight. Petitioner's appeal from the immigration judge's bond denial is pending before the Board of Immigration Appeals.

**DISCUSSION**

Petitioner's arrest and detention have violated his due process rights under the federal constitution. Habeas relief must issue.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. §

2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, the Government was aware for more than a decade that Petitioner lacked lawful immigration status. During all this time, the Government chose not to detain Petitioner. To the contrary, the Government repeatedly approved Petitioner's requests under DACA as Petitioner built a substantial life in the United States. A noncitizen in such circumstances possesses a constitutionally protected liberty interest in remaining undetained. See, e.g., Gabino v. Sec'y, 2026 WL 3133033 (C.D. Cal. Oct. 19, 2026); Gallegos v. Acting or Current Warden, 2026 WL 3027134 (C.D. Cal. Oct. 8, 2026); Flores v. Chestnut, 2026 WL 2678329 (E.D. Cal. Sept. 11, 2026); Cambron v. Johnson, 2026 WL 2584950 (C.D. Cal. Sept. 1, 2026); Hernandez v. Warden, 2026 WL 2099232 (E.D. Cal. July 21, 2026); Servin v. Semaia, 2026 WL 1670852 (C.D. Cal. June 4, 2026); Ramirez v. Warden, 2026 WL 1078250 (E.D. Cal. April 21, 2026); Anderson v. Chernut, 2026 WL 809990 (E.D. Cal. March 24, 2026).

This conclusion follows from logic as well as from case law. Case law is now legion that a noncitizen previously detained by immigration authorities but released on conditions has

a constitutionally protected liberty interest that can be violated by re-detention. See, e.g., Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14 (D. Nev. Nov. 3, 2025); accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"). For constitutional purposes, there should be no material difference between a noncitizen previously released from detention by immigration authorities and a noncitizen whom immigration authorities previously chose not to detain. As aptly stated by the United States District Court for the Northern District of California:

> The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious. . . . Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained. *See Barco Mercado v. Francis, No. 25-CV-6582(LAK),* ____ F. Supp. 3d ________, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (attaching appendix identifying "350 [ ] cases decided by over 160 different judges sitting in about 50 different courts spread across the United States" "overwhelmingly" finding individuals detained and then released had a vested liberty interest). The government's position Petitioner does not have the same liberty interest is unsupported by any legal authority.

Kharitonova v. Albarran, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026). Indeed, even when immigration authorities are unaware of a noncitizen's presence within the United States

(unlike here), the noncitizen can develop a constitutionally protected liberty interest by building a substantial life in this country over a period of years. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026).

In the present case, Petitioner's arrest and detention violated his due process rights. As reflected in case law evaluating legally indistinguishable circumstances, the balance of three Mathews factors compellingly militates toward this conclusion. See Gabino v. Sec'y, 2026 WL 3133033, at *4-5; Gallegos v. Acting or Current Warden, 2026 WL 3027134, at *5-6; Flores v. Chestnut, 2026 WL 2678329, at *2-3; Cambron v. Johnson, 2026 WL 2584950, at *5-6; Hernandez v. Warden, 2026 WL 2099232, at *1 (adopting magistrate judge's recommendation regarding due process violation); Servin v. Semaia, 2026 WL 1670852, at *4-5; Anderson v. Chernut, 2026 WL 809990, at *1-3.[1]

The belated bond hearing given to Petitioner months after his initial detention did not and could not remedy the constitutional violation Petitioner has suffered. See Gabino v. Sec'y, 2026 WL 3133033, at *3-5; Gallegos v. Acting or Current Warden, 2026 WL 3027134, at *7; Servin v. Semaia, 2026 WL 1670852, at *4-5; see also Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond cannot support continued detention where the underlying arrest and detention violated the petitioner's due process rights); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); cf. Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

///

///

---

[1] Even if the process due as of July 3, 2026, were limited to a prompt, post-detention bond hearing, Petitioner did not receive such a hearing. Rather, the Government maintained Petitioner in detention, without a hearing, for months.

The proper remedy is to require Petitioner's immediate release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in violation of his due process rights. See Gabino v. Sec'y, 2026 WL 3133033, at *8; Gallegos v. Acting or Current Warden, 2026 WL 3027134, at *7; Servin v. Semaia, 2026 WL 1670852, at *7; Anderson v. Chernut, 2026 WL 809990, at *4; see also Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7 (C.D. Cal. May 28, 2026); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025). As to the latter, numerous judges of this Court, as well as other judges within the Ninth Circuit, have ordered such procedural protections, often while expressly affirming the Court's jurisdiction to do so. See, e.g., Patel v. Bowen, 2026 WL 3027234 (C.D. Cal. Oct. 8, 2026); Martinez v. Mullin, 2026 WL 2970607 (C.D. Cal. Oct. 2, 2026); Singh v. Warden, 2026 WL 2276888 (C.D. Cal. Aug. 6, 2026); M.S. v. Chestnut, 2026 WL 2110882 (E.D. Cal. July 22, 2026); R.N.G. v. Semaia, 2026 WL 2089544 (C.D. Cal. July 14, 2026); Cu v. Marin, 2026 WL 1999356 (C.D. Cal. July 9, 2026); P.M.A. v. Warden, 2026 WL 1983415 (E.D. Cal. July 8, 2026); Zhao v. Semaia, 2026 WL 1786805 (C.D. Cal. June 22, 2026); Araujo-Contreras v. Janecka, 2026 WL 1625368 (C.D. Cal. June 3, 2026); Mendoza v. Blanche, 2026 WL 1383273 (D. Nev. May 18, 2026); Molina v. Dicus, 2026 WL 1454998 (C.D. Cal. May 18, 2026); Bekhoev v. Marin, 2026 WL 1365631 (C.D. Cal. April 28, 2026); Le v. Chestnut, 2026 WL 809891 (E.D. Cal. March 24, 2026); Meza-Hernandez v. Marin, 2026 WL 561381 (C.D. Cal. Feb. 25, 2026); Singh v. Marin, 2026 WL 431142 (C.D. Cal. Feb. 13, 2026).

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after the completion of administrative proceedings that typically take a very long time. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the

exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures].” Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies “are inadequate or not efficacious” or where “irreparable injury will result”).

## CONCLUSION

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 207-742-630) from detention immediately, subject to reasonable conditions; (b) declaring that Petitioner’s detention violated Petitioner’s due process rights; and (c) enjoining Respondents from any further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[2]

DATED: October 28, 2026



CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner has failed to justify any different or additional form of habeas relief.